## J. T. RITCHIE v. STATE.

No. A-795.   Opinion Filed April 18, 1912.

(122 Pac. 944.)

APPEAL—Conflicting Evidence—Conclusiveness of Verdict. Under our system of jurisprudence, it is the exclusive province of the jury to determine whether the evidence tending to prove the guilt of the defendant is so lacking in convincing force as to leave an intelligent and discriminating mind to doubt as to the truth of the charge; and in reviewing questions of fact upon appeal, if there is a fair conflict in the evidence, or it is such that different inferences can be properly drawn from it, the determination of the jury will not be interfered with, unless it is clearly against the weight of evidence, or appears to have been influenced by passion or prejudice.

(Syllabus by the Court.)

*Appeal from District Court, Wagoner County;*
*John H. King, Judge.*

J. T. Ritchie was convicted of stealing cattle, and appeals. Affirmed.

*Chas. G. Watts* and *Bailey & Wyand,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.   The charging part of the information reads:

"That the said J. T. Ritchie and Bill Brown, in the county and state aforesaid, on the day, month, and year aforesaid, did feloniously steal, take, and carry away two red steers, two years old, one roan steer, two years old, one red heifer, two years old, and one red cow, six years old, all of the value of one hundred and twenty-five dollars, the property of one Frank Jones, with the felonious intent to deprive the owner, the said Frank Jones, thereof, and to appropriate the same to their, said J. T. Ritchie's and said Bill Brown's, own use, contrary to," etc.

Upon the trial, the jury returned a verdict finding the defendant J. T. Ritchie guilty.   February 10, 1910. the defendant was sentenced to imprisonment in the state penitentiary for five years.   From the judgment, the defendant appealed by filing in this court, on June 9, 1910, a petition in error with case-made.

The assignments of error predicated on the action of the court in overruling a motion to set aside and quash the information as not properly verified, and in overruling a demurrer to the information, present no question that has not heretofore been decided adversely to the defendant's contentions by this court.

It is next contended that "the court erred in overruling the motion of the defendant to dismiss the case for want of sufficient evidence."   Upon a careful reading of the evidence in this case, there can be no doubt but that the verdict of the jury is amply supported, if the jurors believed the evidence given on the part of the prosecution.   Under our system of jurisprudence, it is the exclusive province of the jury to determine whether the evidence tending to prove the guilt of the defendant is so lacking in convincing force as to leave an intelligent and discriminating mind to doubt as to the truth of the charge; and, in reviewing questions of fact upon appeal, if there is a fair conflict in the evidence, or it is such that different inferences can be properly drawn from it, the determination of the jury will not be interfered with, unless it is clearly against the weight of evidence, or appears to have been influenced by passion or prejudice.   Both of the defendants testified, and from their testimony alone the guilt of the defendant J. T. Ritchie is sufficiently shown.

The instructions of the court fully and fairly state the law of the case, and no good purpose would be served by reviewing the objections to them, further than to say that we find no error in any of the matters complained of in the assignments pertaining to them.

From our examination of the record in this case, we are of opinion that the defendant had a fair and impartial trial, and the verdict and judgment rendered has our approval.

The judgment of the district court of Wagoner county is therefore affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.