## Ex Parte J. D. Presley.

No. 13546.   Delivered April 30, 1930.
Reported in 27 S. W. (2d) 815.

The opinion states the case.

*Thomas & Coffee* of Big Spring, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

On the question of appellant being a fugitive from justice is cited Hyatt v. People, ex rel. Corkran, 188 U. S. 691; Ex Parte Hogue, 17 S. W. (2d) 1047; Ex Parte Baird, 17 S. W. (2d) 1049.

*Reporter.*

CHRISTIAN, JUDGE.—This is an appeal from an order of the district court of Howard County remanding appellant to the custody of an officer of the demanding state, upon a hearing by habeas corpus of an application sought to secure the release of appellant

from the custody of an officer of the State of Arizona, holding in custody the appellant by virtue of a Governor's warrant issued by the Governor of the State of Texas upon requisition from said State of Arizona.

It is alleged in the complaint, which furnished the basis of the requisition, that appellant committed the offense of nonsupport of his minor children on December 15, 1929. It appears from the uncontroverted testimony that appellant left the State of Arizona in August, 1927; that he returned to the state on business three times during the year 1929, all of said visits being made prior to December, 1929; that he resided in the State of California from January 1, 1929, until November 30 of the same year; that on the last mentioned date he came to Texas; that in removing to Texas he drove through the State of Arizona on the night of November 30, 1929; that he had continuously resided in Texas with his wife and stepson from December 3, 1929, until the date of his arrest under the Governor's warrant, and had not gone into the State of Arizona during said period of time. Many witnesses testified to the fact that appellant had been in Texas continuously from December 3, 1929, until long after December 15 of the same year. The State made no effort to controvert these facts. The proof showing conclusively that appellant was not within the confines of the demanding state at the time of the commission of the alleged offense, and that he could not be a fugitive from justice within the terms of the law, it becomes our duty to order a reversal of the judgment. Hyatt vs. New York, ex rel. Corkran, 188 U. S. 712–713, 23 S. Ct. 459, 47 L. Ed. 661–662; Ex parte Hogue, 17 S. W. (2d) 1047; Ex parte Baird, 17 S. W. (2d) 1049.

The judgment remanding appellant to the custody of the officer of the demanding state is reversed, and his discharge from such custody is ordered.

*Appellant discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.