[Crim. No. 1845.   Third Dist.   Nov. 17, 1943.]

In re OWEN E. BREWER, on Habeas Corpus.

Charles A. Tuttle for Petitioner.

Robert W. Kenny, Attorney General, T. G. Negrich, Deputy Attorney General, and Lowell L. Sparks, District Attorney (Placer), for Respondent.

ADAMS, P. J.—On June 24, 1943, Velda S. Brewer filed in the County Court of Cloud County, Kansas, a complaint in two counts, charging in the first count that on or about April 15, 1943, in said County of Cloud, State of Kansas, petitioner Owen E. Brewer, the husband of said Velda S. Brewer, without just cause, did unlawfully, wilfully and feloniously refuse to provide for the support and maintenance of his wife who was then and there and now is in necessitous circumstances, contrary to the form of the statutes in such cases made and provided, etc.; and in a second count that on the same date and in the same place the said Owen E. Brewer, the father of Marion Eugene Brewer, a minor child under the age of sixteen years, did without lawful excuse unlawfully, wilfully and feloniously refuse to provide for the support and maintenance of said minor child who was then and there and now is in necessitous circumstances. A writ was thereupon issued to the Sheriff of said Cloud County for the arrest of

Brewer, and a request for his extradition to Kansas was made by the governor of said state, to the Governor of California, the Governor of Kansas alleging that Brewer's apprehension and delivery were sought "pursuant to the provisions of the Constitution and Laws of the United States in such cases made and provided," and that "it has been represented to me that he has fled from justice of this State, and taken refuge within the limits of the County of Placer, State of California."

Upon his arrest by the Sheriff of Placer County, petitioner filed in this court his verified petition for a writ of habeas corpus, alleging that his arrest and subsequent detention by said sheriff were illegal in that the warrant charging him with the offense aforesaid and the demand for extradition, both fail to allege in writing that he was present in the demanding State of Kansas at the time of the commission of the alleged crime, and also alleging that on April 15, 1943, he was, and had been for more than one year prior thereto, a resident of Roseville, California, employed by the Southern Pacific Company as a brakeman, and that he is not and never has been a fugitive from justice within the meaning of the Uniform Criminal Extradition Act.

The writ having issued, the Sheriff of Placer County answered, alleging that he arrested petitioner and took him into custody "by virtue of executive authority of the Governor of the State of California in an extradition proceeding." He attached to his answer copies of the complaint filed in Kansas, the request of the Governor of Kansas for the extradition of petitioner, the writ or warrant issued by the court of Cloud County, Kansas, and a statement sworn to by Velda E. Brewer before the judge of said county. No record of any proceedings before the governor of this state was presented. Also, respondent made no denial of the allegations of the petition filed herein. On stipulation of the parties, argument in this court was waived and the matter was submitted on the records and briefs on file.

Petitioner contends that as he was not in the State of Kansas at the time of the alleged offense, but was and had been for more than a year prior thereto a resident of California, he is not and could not be a fugitive from the justice of the State of Kansas; and that neither the warrant charging him with failure to provide, nor the request for his extradition, alleges that he was present in Kansas at the time of

the commission of the alleged offense. He cites article IV, section 2, of the Constitution of the United States, *Hyatt* v. *Corkran*, 188 U.S. 691 [23 S.Ct. 456, 47 L.Ed. 657], and sections 1548.2 and 1549.1 of the California Penal Code.

Respondent satisfies himself by citing but one case, *In re Gornostayoff*, 113 Cal.App. 255 [298 P. 55], and section 1549.1 of the Penal Code above mentioned. He argues from the Gornostayoff case that it was not necessary for petitioner to be in the demanding state at the time of the alleged offense in order for him to commit same, and, apparently, assumes that petitioner comes within the provisions of section 1549.1, *supra,* and that it is unnecessary to allege or show that he was in the demanding state or that he fled from the justice thereof.

The matter is not, however, so simple as respondent assumes it to be. Section 1548.2, *supra,* provides that "No demand for the extradition of a person charged with crime in another State shall be recognized by the Governor unless it is in writing *alleging that the accused was present in the demanding State at the time of the commission of the alleged crime, and that thereafter he fled from that State.*" (Italics ours.)

Section 1549.1 provides that "The Governor of this State may also surrender, on demand of the executive authority of any other State, any person in this State charged in such other State in the manner provided in section 1548.2 of this code with committing an act in this State, or in a third State, intentionally resulting in a crime in the State whose executive authority is making the demand. The provisions of this chapter, not otherwise inconsistent, shall apply to such cases, even though the accused was not in the demanding State at the time of the commission of the crime, and has not fled therefrom. Neither the demand, the oath, nor any proceedings under this chapter pursuant to this section need state or show that the accused has fled from justice from, or at the time of the commission of the crime was in, the demanding or other State."

The request made by the Governor of Kansas does not comply with the requirements of either of these sections. It merely recites "that Owen E. Brewer stands charged by Affidavit and Complaint sworn to before a magistrate with the crime of desertion and non-support of wife and child by parent committed in the County of Cloud, in this State and it has been represented to me that he has fled from justice of this State, and has taken refuge within the limits of the

County of Placer, State of California." That is not an allegation that Brewer was present in Kansas at the time of the commission of the alleged crime, or that thereafter he fled from that state; nor is it alleged either in the complaint filed in Kansas, or in the demand, that petitioner, a person in this state, committed an act in this state or in a third state intentionally resulting in a crime in Kansas. It is apparent, therefore, that even if under section 1549.1 a person lawfully may be extradited to another state in the absence of a showing that he has fled from the justice of said state, a question which need not be decided here, it is obvious that the provisions of said section are not applicable to this case. (*Ex parte King,* —— Me. —— [28 A.2d 562, 564].)

Section 2 of article IV of the Constitution of the United States provides that "A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

The Supreme Court of the United States held in *Pierce* v. *Creecy,* 210 U.S. 387, 401 [28 S.Ct. 714, 52 L.Ed. 1113, 1120], that no person may be lawfully removed from one state to another by virtue of this provision, unless: 1, He is charged in one state with treason, felony or other crime; 2, he has fled from justice; and 3, a demand is made for his delivery to the state wherein he is charged with crime; and that if any of these conditions is absent the Constitution affords no warrant for a restraint of his liberty. And in *South Carolina* v. *Bailey,* 289 U.S. 412 [53 S.Ct. 667, 77 L.Ed. 1292], it was held that it is the duty of a state court in habeas corpus proceedings brought by one whose extradition to another state has been sought, to administer the law prescribed by the Constitution and statute of the United States (Rev. Stat. 5278; Title 18, sec. 662, U.S.C.A.) as construed by the Supreme Court of the United States. Also see *In re Letcher,* 145 Cal. 563 [79 P. 65].

In *Hyatt* v. *Corkran,* 188 U.S. 691, 712-713 [23 S.Ct. 456, 47 L.Ed. 657, 661-662], it was contended that a person may be guilty of a crime within a state even though not personally present there; but the court said:

"This raises the question whether the relator could have been a fugitive from justice when it is conceded he was not in the state of Tennessee at the time of the commission of

those acts for which he had been indicted, assuming that he committed them outside of the state.

"The exercise of jurisdiction by a state to make an act committed outside its borders a crime against the state is one thing, but to assert that the party committing such act comes under the Federal statute, and is to be delivered up as a fugitive from the justice of that state, is quite a different proposition.

"The language of section 5278, Rev. Stat. (U. S. Comp. Stat. 1901, p. 3597), provides, as we think, that the act shall have been committed by an individual who was at the time of its commission personally present within the state which demands his surrender. It speaks of a demand by the executive authority of a state for the surrender of a person as a fugitive from justice, by the executive authority of a state *to which such person has fled,* and it provides that a copy of the indictment found, or affidavit made before a magistrate of any state, charging the person demanded with having committed treason, etc., certified as authentic by the governor or chief magistrate of the state or territory *from whence the person so charged has fled,* shall be produced, and it makes it the duty of the executive authority of the state *to which such person has fled* to cause him to be arrested and secured. Thus the person who is sought must be one who has fled from the demanding state, and he must have fled (not necessarily directly) to the state where he is found. It is difficult to see how a person can be said to have fled from the state in which he is charged to have committed some act amounting to a crime against that state, when in fact he was not within the state at the time the act is said to have been committed. How can a person flee from a place that he was not in? He could avoid a place that he had not been in; he could omit to go to it; but how can it be said with accuracy that he has fled from a place in which he had not been present? This is neither a narrow, nor, as we think, an incorrect, interpretation of the statute. It has been in existence since 1793, and we have found no case decided by this court wherein it has been held that the statute covered a case where the party was not in the state at the time when the act is alleged to have been committed. We think the plain meaning of the act requires such presence, and that it was not intended to include, as a fugitive from the justice of a state, one who had not been in the state at the time when, if ever, the offense was com-

mitted, and who had not, therefore, in fact, fled therefrom.'' (Italics by that court.)

The principles asserted in the foregoing cases were asserted by this court in *In re Shoemaker,* 25 Cal.App. 551 [144 P. 985], wherein it was held that whether a person whose extradition is demanded is a fugitive from the justice of the demanding state is a question of fact subject to review in habeas corpus proceedings, and that before a warrant of extradition can be sustained it must appear, as a jurisdictional fact, that the prisoner is a fugitive from justice, that is, that he was actually present in the demanding state when the crime was committed; and that constructive presence there is not enough. And as in that case the evidence showed that petitioner was not in the demanding state on the date of the crime, or at any time within two weeks of that date, he was held to be entitled to his discharge. Also it was said in *In re Thurber,* 37 Cal.App. 571, 572 [174 P. 112], that if it be made to appear that the accused was not within the territory of the state when he is alleged to have committed the offense charged against him, ''then he could not have fled therefrom and could not be a fugitive from justice.''

In 35 C.J.S. 324, it is said that ''To constitute one a fugitive from justice from a given state, it is essential to show that at the time of the commission of the alleged crime in the demanding state he was bodily present, or incurred guilt, therein, and that he left it and is within the jurisdiction of the state from which his return is demanded. . . . Actual and corporeal former presence in the demanding state is essential; if a person was only 'constructively' in a state, committing a crime against it while not personally within its borders, he has not fled from it and is not a fugitive from justice.''

In numerous cases and in many states the foregoing rule has been applied to persons charged with desertion of, or failure to support, a wife or children. See *People* v. *Meyering,* 348 Ill. 17 [180 N.E. 560]; *Drumm* v. *Pederson,* 219 Iowa 642 [259 N.W. 208]; *Schein* v. *Gallivan,* 321 Mo. 268 [10 S.W.2d 521]; *People* v. *Millspaw,* 281 N.Y. 441 [24 N.E.2d 117]; *Ex parte Heath,* 87 Mont. 370 [287 P. 636]; *Ex parte Hawkins,* 37 Okla.Cr. 17 [255 P. 718]; *Ex parte Presley,* 116 Tex.Cr. 150 [27 S.W.2d 815]; *Ex parte Hogue,* 112 Tex.Cr. 495 [17 S.W.2d 1047]; *State* v. *Doeppe,* 97 W.Va. 203 [124 S.E. 667]; *Taft* v. *Lord,* 92 Conn. 539 [103 A. 644]; *Ex parte King, supra.*

No cases holding to the contrary are cited by respondent except *In re Gornostayoff, supra,* in which case petitioner's extradition was sought for alleged failure to provide for two children in Ohio. Gornostayoff claimed that he was not in the demanding state on the date charged; but the court said that his presence within the state was not necessary to enable him to commit the offense, and denied his petition for habeas corpus. What, if any, other facts were made to appear in that case is not shown in the opinion; but if it was intended therein to hold that for the sole reason that the presence of petitioner in Ohio was not necessary to enable Gornostayoff to commit the crime charged, he might be extradited without a showing that he had ever been in the demanding state or had fled from its jurisdiction, said decision is in conflict with the rule laid down by the United States Supreme Court and applied in the cases above cited.

Since it is not denied, and is apparently conceded by the return of respondent and the brief in support thereof, that petitioner was not in the State of Kansas at the time of the commission of the offense alleged to have been committed by him in that state, petitioner is entitled to his discharge, and it is so ordered.

Thompson, J., and Peek, J., concurred.