STATE OF MISSOURI, at the Relation of J. E. TAYLOR, Attorney General, Relator, v. SAM C. BLAIR, Judge of the 14th Judicial Circuit, Respondent.—No. 41049.—214 S. W. (2d) 555.

Court en Banc, November 8, 1948.

*J. E. Taylor,* Attorney General, and *Gordon P. Weir,* Assistant Attorney General, for relator.

No attorney for respondent.

[555] HYDE, J.—Certiorari to review record in habeas corpus case of Ex parte William Kirk in the Circuit Court of Cole County, in which [556] petitioner was discharged from the custody of Cecil Crosby, agent and messenger from the State of Oklahoma in an extradition proceeding.

The question to be determined in this case is whether an unverified information is sufficient basis for extradition.

Kirk was convicted of robbery in Tulsa County, Oklahoma, in 1931, and sentenced to 35 years imprisonment. In 1945 he escaped from the Oklahoma penitentiary and was later convicted of another crime in Missouri for which he served a two year sentence. Upon his release from the Missouri penitentiary, in 1948, he was arrested on the warrant of the Governor, issued upon an extradition request of the Governor of Oklahoma. [See Sec. 3980, R. S. 1939, Mo. Stat. Ann.] He was discharged on habeas corpus on the ground that the Governor of Oklahoma had not produced a copy of an indictment found or an affidavit made before a magistrate of that state, charging petitioner with having committed a crime, as required by U. S. R. S. 5278, 18 U. S. C. A. 662. The requisition papers do contain an authenti-

cated copy of an unverified information, filed by the County Attorney of Tulsa County in the District Court, charging Kirk with the crime of robbery.

The Attorney General points out that an information is a sufficient substitute for an indictment under the Oklahoma Constitution (Sec. 17, Art. 2) and that there is no requirement for its verification; citing Ex parte Talley, 4 Ok. Cr. 398, 112 Pac. 36; Heacock v. State, 4 Ok. Cr. 606, 112 Pac. 949; Henson v. State, 5 Ok. Cr. 201, 114 Pac. 630; Ritchie v. State, 7 Ok. Cr. 188, 122 Pac. 944; see also Files v. State (Okla.) 182 Pac. 911; State v. Jackson (Okla.) 48 Pac. (2d) 861. The Attorney General, therefore, argues that since an information is properly substituted for an indictment, under the Constitution and Laws of Oklahoma, it is sufficient to support extradition; and that lack of verification is immaterial because that is not a requirement for a valid information in Oklahoma. However, the Federal Statute, which is the basis for extradition, makes a different requirement.

Section 662 (R. S. 5278) provided as follows: "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and *produces a copy of an indictment found or an affidavit made before a magistrate of any State* or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear." (This provision without change of the italicised words is now part of Section 3182, New Title 18, as revised by the 80th Congress, effective September 1, 1948.) Our Section 3980 provides that the Governor shall issue his warrant upon an extradition request when the executive of any other state "shall have complied with the requisites of the Act of Congress."

The Federal Statute plainly says that the requirement for extradition is either an indictment or an affidavit made before a magistrate charging the commission of a crime; and we have said: "The demanding state must produce one or the other of these two instruments, and without the one or the other the surrendering executive is without authority to issue a rendition warrant." [Ex parte Hagen, 295 Mo. 435, 245 S. W. 336; Rummerfield v. Watson, 335 Mo. 71, 70 S. W. (2d) 895.] Thus it is clear that the only authorized substitute for an indictment is not the information in the case but the affidavit made before a magistrate upon which the information is based.

The Oklahoma procedure requires such an affidavit as the basis for an information in a felony case (see Ex parte Talley, supra) and that is the document required to support extradition when there is no indictment. Oklahoma has sent the wrong document in this case and the arrest of the petitioner was not authorized [557] by it under the requirements of the Federal Statute, which are adopted as the requirements in this state by our statute. (Our Legislature might require less but could not require more. See 22 Am. Jur. 249, Sec. 9; Ex parte Davis (Cal.) 158 Pac. (2d) 36.) As we held in the Rummerfield case, the requirements are the same for extradition of persons who have been tried and convicted as they are for those who have only been accused but not yet tried on charges against them.

The Attorney General cites Pierce v. Creecy, 210 U. S. 387, 28 S. Ct. 714, 52 L. Ed. 1113 and In the Matter of Strauss, 197 U. S. 324, 25 S. Ct. 535, 49 L. Ed. 774. In the Strauss case, the question was the meaning of the word "charged" in Sec. 2, subd. 2, Art. 4 of the United States Constitution. ("A person *charged* in any State with treason, felony or other crime, who shall flee from justice and be found in another State, shall, on demand of the executive authority of the State from which he fled, be delivered up to be removed to the State having jurisdiction of the crime.") This Constitutional provision is, of course, the basis of all legislation on extradition. The question actually decided in the Strauss case was that extradition did not require a charge to be pending in a court that could try the defendant but that a charge by affidavit before a committing magistrate, a justice of the peace, who could only discharge him or hold him for trial before another tribunal was sufficient under the Constitution. The Court commented that "under the Constitution each state was left with full control over its criminal procedure"; and that "no one could have anticipated what changes any state might make therein". It did say, arguendo: "But who would doubt that an information, where that is the statutory pleading for purposes of trial, is sufficient to justify an extradition?"; and it held that the word "charged" should be construed as used in its broad sense and signification. But the Court was considering the requirements of the Constitution and not construing the enabling act of Congress. We have no doubt that the word "charged" in the Constitutional provision is broad enough to authorize Congress to include an information (verified or unverified) as one of the documents which would authorize extradition but it has not yet seen fit to do so and this Constitutional provision is not self-executing. [Roberts v. Reilly, 116 U. S. 80, 6 S. Ct. 291, 29 L. Ed. 544; Innes v. Tobin, 240 U. S. 127, 36 S. Ct. 290, 60 L. Ed. 562.] Furthermore, a properly verified information might reasonably be construed to come within the provision for a charge by affidavit. [See 35 C. J. S. 333, Sec. 14; 22 Am. Jur. 286, Sec. 48; Ex parte Hart (C. C. A.) 63 Fed.

249; Raftery ex rel. Huie Fong v. Bligh (C. C. A.) 55 Fed. (2d) 189; People ex rel. Lyman v. Smith (Ill.) 186 N. E. 159; Cook v. Rodgers (Ind.) 20 N. E. (2d) 933; Morrison v. Dwyer (Ia.) 121 N. W. 1064; People v. Stockwell (Mich.) 97 N. W. 765; Ex parte Ryan (Okla.) 129 Pac. (2d) 204; In Re Hooper (Wis.) 58 N. W. 741; Moore on Extradition 875, Sec. 551; Speer on Extradition (3rd Ed.) 363.]

Pierce v. Creecy, supra, held that an indictment, whether good or bad as a pleading, was a sufficient charge of crime to support extradition when it unmistakably described every element of the crime of false swearing under the Texas Statute; and that it was only necessary to show that the accused was substantially charged with a crime to support extradition. No question as to an information, verified or unverified, was involved.

The Attorney General has cited one case Ex parte Nash, 44 Fed. (2d) 403 which did involve an unverified information. It is a decision of a judge of a District Court (Western District of Arkansas) denying habeas corpus. It found that under the law of Louisiana, an unverified information is put upon an equality with an indictment, and said that "in construing and applying the interstate extradition act of Congress, the state law must be taken into account for the purpose of effecting the object of the Constitutional provision." It apparently ruled that such an information is to be considered as being within the term "indictment found" in the Federal Statute. However, "indictment" and "information" [558] have very different meanings and are based on different procedure. [See 27 Am. Jur. 586, Sec. 4; Ex parte Bain, 121 U. S. 1, 7 S. Ct. 781, 30 L. Ed. 849.] The opinion in the Nash case relies on Pierce v. Creecy, supra, and In re Strauss, supra, for this result, but these cases did not rule on any such question. If an unverified information should be authorized as a substitute for either an "indictment found" or an "affidavit made", as a basis for extradition, we think it must be done by legislation. We have no authority to read such a provision into the statute when it is not there.

It is ordered that our writ of certiorari be quashed. All concur.