In re Acton.

(No. 386—Decided March 10, 1949.)

*Mr. Roy Warren Roof* and *Mr. John L. Roof,* for petitioner.

*Mr. Rex W. Hanna* and *Mr. Charles W. Dodson,* for respondent sheriff.

JACKSON, J. The petitioner, Clyde Acton, instituted a habeas corpus proceeding to obtain his release from the custody of the sheriff of Hardin county, Ohio.

The sheriff of Hardin county, Ohio, obtained custody of the person of the petitioner by reason of extradition proceedings requested by the Governor of the state of Illinois and granted by the Governor of the state of Ohio.

The issues are made by the petition for habeas corpus, the return of the sheriff of Hardin county, Ohio,

a certified transcript of the proceedings before the Governor of the state of Ohio, the original papers of the proceedings before the Governor of the state of Illinois, and a demurrer filed by the petitioner.

The demurrer of petitioner asserts nineteen reasons why it should be sustained.

All members of the court are in agreement that all specifications except Nos. 11, 12, and 18 should be overruled. Two members of the court, being a majority of the members of the court, are of the opinion that specifications Nos. 11, 12, and 18 should be overruled. Therefore, this opinion is directed to specifications Nos. 11, 12, and 18.

An examination of the transcript of the proceedings before the Governor of the state of Illinois, all of which papers the said Governor duly authenticated, shows that the petitioner, Clyde Acton, was charged by an information with ''being the lawful husband of and married to Opal Acton, and that on the 8th day of September 1947, at and within the village of Arthur in the county of Douglas in the state of Illinois did wilfully, maliciously and without good cause abandon the said Opal Acton, and did then and there neglect and refuse to maintain and provide for her, the said Opal Acton, then and there destitute, and in necessitous circumstances, contrary to the statute, etc.''

The Governor of the state of Ohio granted the requisition for the person of the petitioner and ordered the petitioner brought before a judge of a court of record and be dealt with as provided by law, the warrant of the Governor of the state of Ohio requiring the custodian, if directed by said judge, to deliver the petitioner to Vaughn W. Pilcher as the agent appointed by the Governor of the state of Illinois.

The pertinent statute of the state of Illinois as to the offense committed by the petitioner is duly authen-

ticated by the Governor of the state of Illinois and is as follows:

"*An act making it a misdemeanor for any person to neglect or refuse, without reasonable cause, to provide for the support or maintenance of his wife, said wife being in destitute or in necessitous circumstances, or, without lawful excuse, to desert or neglect or refuse to provide for the support or maintenance of his or her child or children under the age of eighteen years in destitute or necessitous circumstances, to provide punishment for violation thereof and to provide for suspension of sentence and release upon probation in such cases.*

"Section 1. *Be it enacted by the people of the state of Illinois, represented in the General Assembly*: That every person who shall, without any reasonable cause, neglect or refuse to provide for the support or maintenance of his wife, said wife being in destitute or in necessitous circumstances, or any person who shall, without lawful excuse, desert or neglect or refuse to provide for the support or maintenance of his or her child or children under the age of eighteen years, in destitute or necessitous circumstances, shall be deemed guilty of a misdemeanor and on conviction thereof shall be punished by a fine of not to exceed six hundred dollars or by imprisonment in the county jail, house of correction or workhouse, not to exceed one year, or by both such fine and imprisonment." Laws of Illinois, 1915, 470 (Chapter 68, Section 24).

"If a crime be clearly charged, it will be sufficient notwithstanding the conclusion of the indictment may seemingly be inconsistent with the charge." 18 Ohio Jurisprudence, 942, Section 16.

"* * * it is to matters of *substance*, and not to matters of *form*, that the court will look * * *." *Ex parte Sheldon,* 34 Ohio St., 319, 326.

"It is not necessary that the affidavit upon which the requisition issued should set forth the crime charged with all legal exactness necessary to be observed in an indictment, but it must distinctly charge the commission of an offense." 18 Ohio Jurisprudence, 944, Section 17. See *Thomas* v. *Evans,* 14 O. D., 336, affirmed by the Circuit Court without opinion; *In re Herrle,* 47 W. L. B., 304.

"* * * a copy of an information, after a preliminary examination and a holding to answer, is entitled to the same weight as evidence, and will, on habeas corpus proceedings, be so considered." 22 American Jurisprudence, 286, Section 48.

If the jurisdictional facts are recited the warrant is sufficient. 22 American Jurisprudence, 288, Section 51; 25 American Jurisprudence, 159, 162, 192, and 193, Sections 26, 28, 67, and 68; 100 Am. St. Rep., 36, 37, VII, a and b.

"The fact that an indictment or information is lacking in technical precision or is otherwise irregular is not ground for relief by habeas corpus, at least where there is enough on the face of the pleading to charge the defendant with the commission of an offense known to the law. To hold otherwise would be not only to adapt the writ to the ordinary uses of a proceeding in error, but to permit its use to effect an intolerable interference with the ordinary and regular process of criminal prosecutions, and to substitute it illegally for a demurrer or motion to quash." 25 American Jurisprudence, 172, Section 40.

"The sufficiency of an indictment or affidavit must be tested by the laws of the demanding state." 25 American Jurisprudence, 195, Section 69. See *People, ex rel. Carr,* v. *Murray, Sheriff,* 357 Ill., 326, 192 N. E., 198, 94 A. L. R., 1487.

"* * * the rule generally approved is that if the indictment or affidavit upon which extradition is sought

is available, it may be examined to determine its legality and sufficiency, and the prisoner shall be discharged if it is decided that it does not substantially charge the commission of an offense.'' 25 American Jurisprudence, 195, Section 69.

''* * * technical rules of pleading ordinarily applicable in criminal cases are not applicable for the purpose of testing the sufficiency of an accusatory pleading relied upon to justify the holding of a petitioner in habeas corpus for extradition.'' 25 American Jurisprudence, 196, Section 70. See *People, ex rel. Carr,* v. *Murray, Sheriff, supra.*

When the Governor of the asylum state issues his warrant it is prima facie evidence of all that is recited therein. 25 American Jurisprudence, 197, Section 70.

''* * * the fact that the commitment issued by such court or magistrate is informal, defective or erroneous is not a ground which entitles the prisoner to his discharge upon habeas corpus.'' 12 Ruling Case Law, 1189, Section 11.

It is said that the statutes of Ohio which regulate extradition proceedings are plain and neither admit of construction nor require construction. *In re Williams,* 5 Ohio App., 55, 58.

''The Governor of a state, in issuing his warrant of extradition of a fugitive from justice, acts in an executive, and not in a judicial capacity. He is not permitted to try the question whether the accused is guilty or not guilty; he is not to regard a departure from the prescribed forms for making the application, or as to the manner of charging the crime, in any matter not of the substance; and he is not to be controlled by the question whether the offense is or is not a crime in his own state, the inquiry being whether the act is punishable as a crime in the demanding state. Nor have the courts larger powers, in any of these respects, than the Governor.'' *Wilcox* v. *Nolze,* 34 Ohio St., 520, 523.

The statutes of the state of Ohio pertinent in the instant case are:

"Section 109-3. No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging, except in cases arising under Section 6 [Section 109-6, General Code], that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

"Section 109-6. The Governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in Section 3 [Section 109-3, General Code] with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, and the provisions of this act not otherwise inconsistent, shall apply to such cases, even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom."

These provisions of the General Code were followed and observed in every respect in the extradition proceedings, as shown by the records of the proceedings before the Governor of the state of Illinois and the Governor of the state of Ohio.

The above-referred-to sections of the General Code are constitutional and their enactment was clearly within the reserve powers of the state of Ohio. *English* v. *Mattowitz, Chief of Police,* 148 Ohio St., 39, 72 N. E. (2d), 898.

The demurrer is overruled.

The entire court is also of the opinion that all evidence offered or tendered by the petitioner to show a defense to the crime charged in the requisition, or in mitigation thereof, should not be admitted, as such issues are not within the scope of the inquiry in this habeas corpus proceeding.

It is not the province of the court, on habeas corpus, to pass on the merits of the case as to the guilt or innocence of the petitioner; nor is evidence as to guilt or innocence admissible. 18 Ohio Jurisprudence, 962, Section 33; *Ex parte Maloney,* 27 O. C. A., 529.

The petitioner is remanded to custody, and his person shall be delivered to Vaughn W. Pilcher, heretofore appointed as agent by the Governor of the state of Illinois to receive the petitioner.

*Petitioner remanded to custody.*

MIDDLETON, J., concurs.

GUERNSEY, P. J., dissenting. For the purposes of this case, the return of the sheriff to the writ of habeas corpus, which incorporates a duly certified transcript of the whole of the extradition proceedings, pursuant to which the petitioner, Clyde Acton, is being held in

the custody of the sheriff, constitutes an answer to the petition herein, the legal sufficiency of which is raised by the demurrer of the petitioner.

From the transcript of the extradition proceedings, the following facts appear:

The petition for requisition by state's attorney of Douglas county, Illinois, the requisition by the Governor of Illinois, and warrant issued by the Governor of Ohio pursuant to said requisition each recite that the petitioner is charged with the crime of "abandonment of wife."

The information upon which the petition for requisition is based charges abandonment of wife and neglect and refusal to maintain and support wife, but it is apparent from the context that neglect and refusal on the part of Clyde Acton to maintain and support his wife are charged solely as an essential element of the purported offense of "abandonment of wife," and not as an offense in and of itself.

The affidavit in support of the information, among other things, recites that the affiant wife of Clyde Acton has filed her information in County Court in Douglas county, Illinois, for abandonment by her said husband.

From these various documents it appears that the extradition proceedings are based wholly and solely on the charge of "abandonment of wife."

The copy of the statute of Illinois, set forth in the majority opinion, appears in the transcript of the extradition proceedings as the statute of the state of Illinois prescribing that the offense charged in the information is a crime.

An inspection of this statute reveals that it does not prescribe any such offense as "abandonment of wife," but only prescribes an offense of the neglect or refusal to provide for the support and maintenance

of wife and an offense of desertion or neglect or refusal to provide for the support and maintenance of a child or children.

As no such offense as "abandonment of wife" is prescribed, the Governor of Illinois was without authority in law to make requisition on the Governor of Ohio for such offense, and the Governor of Ohio was without authority in law to grant such requisition and issue said warrant, and said extradition proceedings and said warrant are null and void.

As the return of the sheriff shows that said requisition proceedings are null and void for the reasons mentioned, the demurrer of petitioner should be sustained and he ordered discharged.