ment in favor of the plaintiff in accordance with this opinion.

WESTHUES and BOHLING, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

LEEDY, Acting P. J., and CONKLING and HOLLINGSWORTH, JJ., concur.

**Ex parte ARRINGTON.**

**No. 44481.**

Supreme Court of Missouri.

En Banc.

July 19, 1954.

Roy W. Brown, J. William Blackford, Kansas City, for petitioner.

Carroll C. Kennett, Sam Modica, Kansas City, for respondent.

John M. Dalton, Atty. Gen., and Samuel M. Watson, Asst. Atty. Gen., amica curiae.

CONKLING, Chief Justice.

Habeas Corpus. Harold J. Arrington, hereinafter called petitioner, filed in this Court his original petition alleging that he is now unlawfully detained and confined in jail in Jackson County, Missouri, by respondent Arvid Owsley, sheriff of that county. Seeking release from such alleged unlawful detention and confinement petitioner prayed the issuance of our writ of habeas corpus. Upon the above petition we ordered the issuance of the writ prayed. The above respondent sheriff filed here his return to the writ alleging that petitioner is lawfully detained and confined in jail. The cause was heard in this Court on June 29, 1954. Petitioner was here represented by his counsel of record. The sheriff appeared by the prosecuting attorney of Jackson County and the Attorney-General.

It appears from the petition, the return, the exhibits and the evidence that petitioner was taken into custody and is now held in jail by virtue of a certain rendition warrant issued by the Governor of the State of Missouri for the purpose of delivering petitioner to the authorized agent of the State of Idaho to convey the petitioner to that state. Attached as exhibits to the petition are certified copies of the above rendition warrant; the demand for extradition of the Governor of Idaho to the Governor of Missouri that petitioner be arrested and delivered to Idaho's agent; the application for requisition of the proper Idaho law enforcement officer to the Governor of that state requesting the issuance of the requisition demand by Idaho; the charge filed in Minidoka County, Idaho, in criminal cause No. 327, styled State of Idaho v. Harold J. Arrington, and charging petitioner with first degree burglary; and the judgment of conviction of petitioner on his plea of guilty to the charge of first degree burglary entered in the District Court of Minidoka County, Idaho, on July 31, 1942, and sentencing petitioner to imprisonment in that state from one to fifteen years. Petitioner's petition made the above papers before the Governor of Missouri a part of his petition by reference.

Petitioner here contends his detention by respondent is illegal, in that: (1) the demand for extradition of the Governor of Idaho does not allege in writing that petitioner was present in Idaho at the time of the commission of the alleged crime, and that petitioner thereafter fled from Idaho, (2) the rendition warrant of the Governor of Missouri was issued upon a legally insufficient demand for extradition of the State of Idaho, and failed to recite facts necessary to its validity.

The Missouri General Assembly enacted, and on July 8, 1953, the Governor approved the "Uniform Criminal Extradition Act," RSMo 1953 Supplement, Chapter 548, which added thirty new sections to Chapter

548, RSMo 1949, V.A.M.S., relating to Extradition. Section 548.021 of the 1953 Act provides that "Subject to the provisions of this chapter, the provisions of the constitution of the United States controlling, and any and all acts of congress enacted in pursuance thereof, it is the duty of the governor of this state to have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state with treason, felony or other crime, who has fled from justice and is found in this state." See also, Section 548.010, RSMo 1949, V.A.M.S.

Section 548.031 of the 1953 Act, in part, provides that "No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging * * * that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied * * * by a copy of a judgment of conviction * * * together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole."

■ From the exhibits attached to petition of petitioner, it appears that petitioner was sentenced as above in Idaho; that on August 2, 1942, he escaped from the Minidoka County, Idaho, jail, and was not thereafter returned to the custody of the Idaho authorities; and that petitioner stands charged and sentenced in Minidoka County, Idaho, with the crime of burglary in the first degree and that he fled from Idaho and is in Missouri. In the rendition warrant of the Governor of this State it is recited that: "The Governor of the State of Idaho has demanded from the Governor of this State, Harold J. Arrington *whom I find to be a fugitive from justice from said state*; and whereas, the Governor of Idaho has produced to me a copy of an affidavit made before a magistrate in said state certified to be authentic, charging said fugitive with having committed the crime of burglary in ·the first degree," etc. [Emphasis ours.]

When the Governor of an asylum state issues his rendition warrant it is prima facie evidence of all that is therein recited. 25 Am.Juris., Habeas Corpus, page 197, § 70; 35 C.J.S., Extradition, § 16d, p. 346. The above finding of the Governor of Missouri that petitioner is a "fugitive from justice" is not questioned or attacked in these proceedings.

Petitioner rests his case here solely upon his contention that Idaho's demand for extradition does not in writing allege that petitioner was present in Idaho at the time of the commission of the alleged crime, and that he thereafter fled from Idaho.

Asserting that thirty states have enacted the Uniform Criminal Extradition Act, and relying upon the above quoted portions of Section 548.031, petitioner's counsel cite Kelley v. State, 30 Ala.App. 21, 200 So. 115; Ennist v. Baden, 158 Fla. 141, 28 So.2d 160; Hattaway v. Culbreath, Fla., 57 So.2d 661; Commonwealth v. Baldi, 372 Pa. 463, 93 A.2d 458; Commonwealth ex rel. Thomas v. Superintendent Philadelphia County Prison, 372 Pa. 595, 94 A.2d 732; Ex parte Riccardi, 68 Ariz. 180, 203 P.2d 627; Ex parte Brewer, 61 Cal.App.2d 388, 143 P.2d 33, and contend that Section 548.031 should be strictly construed, and that petitioner should be discharged for the failure of the demand for extradition to allege in writing that petitioner was in Idaho at the time of the commission of the crime, and that he thereafter fled from that state.

Pointing to Article IV, § 2, of the Constitution of the United States and to 18 U.S.C.A. § 3182; State of South Carolina v. Bailey, 289 U.S. 412, 53 S.Ct. 667, 77 L.Ed. 1292; Ex parte Morgan, 86 Cal.App. 2d 217, 194 P.2d 800; Brewer v. Goff, 10 Cir., 138 F.2d 710; Hines v. Davidowitz, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581, 587, and other cases, respondent sheriff contends that extradition of a fugitive from justice from one state to another is a Federal matter, upon which, and under the Constitution the Congress has acted; and that while a state may legislate upon an area of extradition unprovided for by Con-

gress, or may require as much or less than the Federal statute in the area occupied by Federal legislation, that within the area occupied state legislation may not require more than does 18 U.S.C.A. § 3182. See, 22 Am.Juris., Extradition, page 250; Innes v. Tobin, 240 U.S. 127, 36 S.Ct. 290, 60 L.Ed. 562; Culbertson v. Sweeney, 70 Ohio App. 344, 44 N.E.2d 807, 810, 45 N.E.2d 118; Ennist v. Baden, supra.

In 35 C.J.S., Extradition, § 3, pp. 319, 320, it is said: "Extradition being a federal and not a state matter, the federal law, and not the state law, is supreme, and any state legislation which conflicts with the federal law on the subject, as embodied in the constitution and effectuating statutes, is unconstitutional and void. However, to the extent that it aids and facilitates the operation of federal constitutional and statutory provisions, and is not inconsistent therewith, state legislation is proper, and must be followed." And see also, State of South Carolina v. Bailey, supra; Day v. Keim, 4 Cir., 2 F.2d 966; Ex parte Brewer, 61 Cal.App.2d 388, 143 P.2d 33.

Implementing the Federal Constitutional provision, Article IV, § 2, in 1793 the Congress enacted the statute which is now 18 U.S.C.A. § 3182, providing that whenever the executive authority of any state demands any person as a fugitive from justice, of the executive authority of any state to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any state, charging the person demanded with having committed a crime, certified as authentic by the Governor of the state from whence the person so charged has fled, it shall be the duty of the executive authority of the state to which such person has fled to cause him to be arrested and to cause the fugitive to be delivered to the agent of the demanding state.

■ Upon a habeas corpus proceeding brought by a petitioner opposing extradition, the question to be decided is not whether such petitioner is guilty or innocent of the charge, but whether he is legally held under the rendition warrant of the Governor of the asylum state. Williams v. Robertson, 339 Mo. 34, 95 S.W.2d 79. The only question for decision here is whether the conceded failure of the demand for extradition issued by Idaho's Governor to in terms allege in writing that petitioner was present in Idaho at the time of the commission of the alleged crime, and that he thereafter fled from Idaho, and the conceded failure of Missouri's rendition warrant to so state, is fatal to the legality of the rendition warrant, and compels petitioner's discharge in these proceedings.

■ Technically, the demand for extradition of Idaho's Governor does not contain the words set out in Section 548.031 of the 1953 Act and allege that "the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled" therefrom. However, it appears from the papers which were before Missouri's Governor that petitioner stands charged in Idaho with first degree burglary committed in Minidoka County, Idaho, and that he thereafter fled from Idaho; that it is in Idaho charged that during the night time of July 19, 1942, petitioner feloniously and burglariously entered the store of the Boise Payette Lumber Company in Minidoka County, Idaho, with intent to commit larceny; that on July 23, 1942, Petitioner was taken before a committing magistrate upon the above charge; that he there waived preliminary examination, and was thereafter duly charged with the above offense in the District Court of Minidoka County; that on July 31, 1942, petitioner pleaded guilty to the charge in said District Court, and was sentenced as above; and that on August 2, 1942, petitioner escaped from the Minidoka County jail, and fled from the State of Idaho. Thus the Governor of the State of Missouri had in the record before him all the requisite facts required by Section 548.031. Upon the facts appearing in that record Missouri's Governor was warranted in finding petitioner to be a fugitive from justice. A fugitive from justice is one who commits a crime within a state,

and then withdraws himself from that state without waiting to abide the consequences of the crime he there committed. Roberts v. Reilly, 116 U.S. 80, 6 S.Ct. 291, 300, 29 L.Ed. 544. And one cannot be a fugitive from justice under the Federal statute unless he was in the demanding state when the crime was committed.

We have examined the cases relied upon by petitioner. In the Alabama case of Kelley v. State, supra, the Florida case of Hattaway v. Culbreath, supra, and the Pennsylvania case of Commonwealth ex rel. Thomas v. Superintendent Philadelphia County Prison, supra, the question of the supremacy of the Federal legislation in its area seems not to have been raised or considered. In the Florida case of Ennist v. Baden, supra, it appears that the petitioner was not in the demanding state at any time near the time that the offense was alleged to have been committed, and was not a fugitive from justice from the demanding state. In the Pennsylvania case of Commonwealth v. Baldi, supra, the question considered was not one of an irregularity in the extradition proceedings, but the question there was whether a fugitive could test in the courts of the asylum state the claimed unconstitutionality of his treatment and punishment in the state from whence he fled. In the Arizona case, Ex parte Riccardi, supra, it was merely ruled that there were sufficient facts before the Arizona Governor, and the lower court, to compel the finding of the fact that petitioner was a fugitive from justice. In the California case of Ex parte Brewer, supra [61 Cal.App.2d 388, 143 P.2d 37], the petitioner contended he was not a fugitive from Kansas, was not in Kansas when the alleged offense was committed, and had long been a resident of California. The California court merely ruled that as a fact petitioner "was not in the state of Kansas at the time of the commission of the offense" and ordered his discharge. These cases are not determinative here.

Petitioner's counsel also cite Ex parte Morgan, supra, People ex rel. Higley v. Millspaw, 281 N.Y. 441, 24 N.E.2d 117, and In re Acton, 90 Ohio App. 100, 103 N.E.2d 577, contending that those cases, upon the issue instantly before us, rule that the requirements of our Section 548.031 are not in excess of the requirements of 18 U.S.C.A. § 3182. In Ex parte Morgan, supra, the court considered facts which showed that the petitioner was charged in Colorado with having conspired in California to aid in a larceny in Colorado. Petitioner was not in Colorado the date the crime was committed. The provisions of the California Uniform Extradition Act which are contained within our Section 548.031 were not determinative in that case. The ruling in People ex rel. Higley v. Millspaw, supra, turned upon the factual question of whether petitioner was in the demanding state on the date of the offense, and it was judicially found that he was not. Petitioner was thereupon discharged. In re Acton, supra, turned upon the sufficiency of the charge in the demanding state. The cases last above do not rule the contention made.

■■ It clearly appears that these instant facts come within the precise and exact area of extradition which has been preempted by the Federal legislation enacted by the Congress. 18 U.S.C.A. § 3182. That Federal statute does not require as a prerequisite to the issuance of a rendition warrant that the demand for extradition of the demanding state allege in terms in writing that the accused was present in the demanding state at the time of the commission of the crime, and that he fled from the state. The Missouri statute, Section 548.031, therefore requires more than does 18 U.S.C.A. § 3182, and thus, in that respect, conflicts with the Federal statute. State ex rel. Taylor v. Blair, 358 Mo. 345, 214 S.W.2d 555; Hines v. Davidowitz, supra.

Extradition between the states springs basically from Federal law. Inasmuch as the instant facts bring this case within the area of the Federal statute, we are bound thereby and by the Federal court decisions. "These questions of federal right were properly submitted for consideration by the state court upon the return to the writ of habeas corpus. And it was the duty of that court to administer the law prescribed by the Constitution and statute of the United

States, as construed by this court." State of South Carolina v. Bailey, supra [289 U.S. 412, 53 S.Ct. 670].

The Federal extradition statute does not purport to encompass the entire field of extradition and does not prohibit a state from extraditing on less exacting terms than those stated in the Federal statute; nor does the Federal statute purport to cover such other and different instances and areas of extradition as does Missouri Section 548.061, which provides for the extradition of persons not in the demanding state at the time of the commission of a crime. See, Ex Parte Morgan, supra; Ex parte Bledsoe, 93 Okl. 302, 227 P.2d 680; Culbertson v. Sweeney, supra. As to such other instances of extradition clearly not within the area preempted by the Federal legislation, the Missouri Uniform Criminal Extradition Act does and may limit the issuance of Missouri's rendition warrant to demands for extradition wherein it is in writing alleged that the accused was present in the demanding state at the time of the commission of the alleged crime.

But, as to the area of extradition covered by the Federal statute, the Missouri statute itself, Section 548.021, recognizes the supremacy of the action taken by the Congress in the field preempted. And in this case we must follow the Federal statute and the rulings of the United States courts.

Under the above facts and circumstances, and in view of the limited requirements of the Federal statutes which have been here complied with, we may not declare the instant rendition warrant invalid upon the ground herein asserted by petitioner.

It follows, therefore, that our instant writ of habeas corpus must be discharged, and that petitioner must be remanded to the custody of the respondent sheriff that he may be turned over to the proper messenger and agent of the State of Idaho. It is so ordered.

All concur, except TIPTON, J., not sitting.