**Roy Eugene AMES, Petitioner,**

v.

**STATE OF MISSOURI, Respondent.**

**Civ. A. No. 18348–3.**

United States District Court,
W. D. Missouri, W. D.

May 12, 1970.

**654**

Roy Eugene Ames, pro se.
No response by state required.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR HABEAS COR-PUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, an inmate of the Jackson County jail because of a fugitive warrant from the State of Florida, petitions this Court for a writ of federal habeas corpus terminating his commitment in the Jackson County jail. Petitioner neither appropriately requests leave to proceed in forma pauperis nor submits an affidavit of his indigency. To save time and unproductive effort, however, petitioner will be granted leave to proceed in forma pauperis.

Petitioner states that "he is being held by virtue of a complaint based on a faulty information and/or document illegally charging him [as] a fugitive from Justice"; that "said complaint was filed on April 7, 1970, in District No. 2, Magistrate Court, Honorable Harry S. Davis, Judge, No. 10345"; that "said complaint states that on the 5th day of February, 1970, the County of Union, State of Florida, charged petitioner with parole violation from Florida and that the warrant under which he was arrested on April 7, 1970, was illegally issued for the reason that a document cannot be produced with petitioner's signature on it agreeing to any parole, and that the petitioner has been released from said prison after serving twenty-eight (28) months on a three (3) year sentence, thereby serving his full sentence having been given credit for good time and other statutory periods of reduction of sentence, mandatorily served." Petitioner further states that he has been held incommunicado in the Jackson County jail and denied any opportunity for bail.

It is doubtful whether petitioner states any claim of denial of any of his federally protected rights. Under the usual (and federal) statutory provision, a prisoner released on mandatory release is deemed as on parole and subject to supervision by the sovereign in whose court he was convicted. In this case, Florida is the sovereign. Whatever the merits of the petition for habeas corpus, however, in the absence of exceptional circumstances not stated to be present in this case, it should be dismissed without prejudice to petitioner's exercising his currently available state remedies. Section 2254, Title 28, United States Code; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. It is well established that a state prisoner held as a fugitive from justice pending his extradition to another state may challenge the legality or constitutionality, or both, of his extradition by means of a petition for habeas corpus in the arresting state. Johnson v. Buie (W.D.Mo.) 312 F.Supp. 1349, and cases therein cited. This is true also in Missouri. Ex parte Arrington, Mo. en banc, 270 S.W.2d 39. Petitioner should therefore file a petition for habeas corpus in the Circuit Court of Jackson County challenging the validity of the extradition warrant. In the event of an adverse decision by that Court, he should successively petition the Missouri Supreme Court for habeas corpus before again petitioning for habeas corpus in this Court in respect of the above contentions. In the absence of exceptional circumstances, only when the Missouri Supreme Court has determined petitioner's contentions adversely to him on their merits can petitioner's state remedies be deemed exhausted for the purposes of federal habeas jurisdiction. Section 2254, *supra*; Fay v. Noia, supra; Cox v. Nash (W.D. Mo.) 226 F. Supp. 87; Russell v. Swenson (W.D. Mo.) 251 F.Supp. 196.

However, the scope of inquiry in habeas corpus challenging extradition in the arresting state is severely limited. Some of petitioner's contentions may be raised after his return to the demanding state in parole revocation proceedings or by petitions for extraordinary relief there. When petitioner's state remedies in Florida have been exhausted, he may then petition for federal habeas corpus in the appropriate federal district court sitting in Florida. It is therefore

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice.