IN RE HOLLANDER.

(No. 42886—Decided July 30, 1981.)

*Mr. John T. Corrigan,* for appellant state of Ohio.

*Mr. S. A. Terrell,* for appellee Michael Hollander.

DAY, J. This case is an appeal by the

state from a denial of extradition by the Cuyahoga County Common Pleas Court.

The appeal is well taken. The judgment is reversed.

## I

Michael Hollander (defendant) was arrested at his parents' Beachwood home in February 1980, on a warrant issued by Cuyahoga County Common Pleas Court. He was charged with being a fugitive from the state of California wanted for felony sexual misconduct, "said acts if they had been committed in the State of Ohio, would by laws therof have been a crime * * *." The record shows that $10,000 bond was set on February 13 and the case was continued to March 12.

Subsequently, the Governor of California issued extradition papers to the Governor of Ohio for return of defendant on charges of conspiracy committed in the County of Los Angeles. On April 23 a Warrant of Arrest was sent from the office of the Governor of Ohio to the Cuyahoga County Sheriff ordering defendant's arrest.

A hearing was held May 6. At the hearing defendant's attorney and the trial judge first agreed that the extradition papers were in order, but later the court questioned the validity of the signature of the Governor's authenticating officer. The court also permitted defense counsel to discuss the sufficiency of the charges alleged in the California indictment and allowed him to argue that under Ohio law conspiracy covers only violent crimes and that the crime alleged in California "would be a misdemeanor, and being a misdemeanor * * * the defendant should not be extradited."

The trial court said that:

"[D]espite the Supreme Court decision as cited by the prosecutor [*Michigan* v. *Doran* (1978), 439 U.S. 282, 58 L.Ed. 2d 521], despite the court of appeals decision as cited by the prosecutor [*In re Acton* (1949), 90 Ohio App. 100, 46 O.O. 448], this defendant or any defen-

dant is entitled to a forum in this state for something which is questionable as to validity, and this court has so ruled."

The trial court made no journal entry until August 21, 1980, when it denied the Governor's warrant nunc pro tunc May 6, 1980.

From this judgment the state appeals, assigning four errors:

Assignment of Error No. 1

"The lower court erred in granting defendant-appellee's request for denial of extradition to the State of California when it failed to follow established statutes in Chapter 2963, Extradition, of the Ohio Revised Code."

Assignment of Error No. 2

"The lower court erred when it granted defendant-appellee's request for denial of extradition by erroneously ruling on the merits of the case."

Assignment of Error No. 3

"The lower court erred when it ruled that defendant-appellee had a right to a forum in Ohio to determine if his civil or constitutional rights had been violated."

Assignment of Error No. 4

"The lower court erred when it ruled that the Governor's Warrant was not valid because the authenticating officer had signed the warrant rather than the Governor."

## II

The first three assignments of error have substantial similarities and are considered together.

The United States Supreme Court, in a case involving release on habeas corpus of a defendant wanted in Arizona and found in Michigan, determined that a court in the asylum state may inquire into only four areas in a request for extradition once a neutral judicial officer of the demanding state has determined probable cause:

"(a) whether the extradition documents *on their face* are in order;

"(b) whether petitioner has been

charged with a crime in the *demanding* state;

"(c) whether the petitioner is the person named in the request for extradition; and

"(d) whether the petitioner is a fugitive." *Michigan* v. *Doran, supra* at 289-290, 58 L.Ed. 2d at 527-528 (emphasis added).

The court further held that:

"[O]nce the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state." *Id.*

It has long been held in Ohio that "[i]t is not the province of the court, on habeas corpus, to pass on the merits of the case as to the guilt or innocence of the petitioner; nor is evidence as to the guilt or innocence admissible," *In re Acton, supra* at 106. In addition, the Ohio statutes specify that:

"The guilt or innocence of an accused as to the crime of which he is charged may not be inquired into by the governor or in any proceeding after a demand for extradition accompanied by a charge of crime under section 2963:03 of the Revised Code has been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime."[1]

Defense counsel did not argue that defendant was not charged with a crime in California, or that he was not the person named in the request for extradition, or that he was not a fugitive. The trial court clearly erred in providing defendant a forum in which to contest the sufficiency of the California indictment. It erred also in ruling on the merits of the case, and in failing to follow procedures established under R.C. Chapter 2963.

The first three assignments of error are well taken.

### III

The remaining issue is whether the extradition documents, "on their face," are in order.[2] Defendant did not raise the issue of the validity of the signature on the Warrant of Arrest from the Ohio Governor's office, but claimed invalidity was based on the fact that the signature was that of Robert F. Howarth, Jr., rather than the Governor. But R.C. 107.15 allows the governor to appoint an authenticating officer to sign documents, with certain exceptions, if the name of the person appointed as authenticating officer, his signature, and a list of the classes of documents the officer is authorized to sign is filed with the Secretary of the State. The authorized signature of the authenticating officer "shall have the same legal effect and the validity as the genuine manual signature of the governor."

Under Howarth's manual signature is a stamp identifying him as "Robert F. Howarth, Jr. Authenticating Officer for GOVERNOR JAMES A. RHODES (Ohio Rev. Code Sec[*sic*] 107 15[*sic*])." In addition, the document bears the state seal and the purported manual signature of the Secretary of State.

On its face, then, the document is in order. The fourth assignment of error is well taken.

The judgment is reversed.

*Judgment reversed.*

PRYATEL, P.J., and PATTON, J., concur.

---

[1] R.C. 2963.18; R.C. 2963.03 lays out the requirements for extradition "of a person charged with a crime in another state."

[2] Although the extradition papers were conceded to be in order at the lower court hearing, they were omitted from the record "by error or accident." Neither party has made an issue of the omission by assigning it as error. Nevertheless, a sua sponte journal entry ordered that "a supplemental record be certified and transmitted," App. R. 9(E). The supplemental record consists of the documents conceded to be in proper form at the extradition hearing but not offered in evidence. These documents include the Ohio Governor's warrant.