STATE of Minnesota, ex rel. Jacqueline ABERNATHY, Petitioner, Appellant,

v.

Charles ZACHARIAS, et al., Respondents.

No. C3-87-596.

Court of Appeals of Minnesota.

May 19, 1987.

Stephen W. Cooper, Neighborhood Justice Center, St. Paul, for appellant.

Thomas J. Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondents.

914

Heard, considered and decided by POPOVICH, C.J., and HUSPENI and MULALLY*, JJ.

## MEMORANDUM OPINION

EDWARD D. MULALLY, Acting Judge.

The governor of Ohio, Richard F. Celeste, issued a requisition warrant on February 10, 1987, requesting the extradition of Jacqueline Abernathy to face felony charges of forgery, uttering, kidnapping with gun specification, kidnapping with counts, compelling prostitution, and possessing criminal tools. The requisition was signed on behalf of Governor Celeste by Carolyn J. Lukensmeyer, authenticating officer for the governor.

On February 13, 1987, the governor of Minnesota signed a rendition warrant for Abernathy's arrest and delivery to Ohio agents. Abernathy sought habeas corpus relief on the ground the extradition documents were invalid because the request was not signed by the governor of Ohio. The trial court denied Abernathy's request, stating in his order:

It appears to the Court that the proceedings undertaken to extradite the Petitioner to the State of Ohio are in full conformance with Minnesota law. Specifically the Court finds that the individual who signed the rendition warrant on behalf of the Governor of Ohio was acting as the "executive authority" within the meaning of Minn.Stat. 629.03.

## DECISION

Minn.Stat. § 629.04 (1986) requires that the demand for requisition must be made by the "executive authority of another state." "Executive authority" includes the governor "and any person performing the functions of governor in a state other than this state." Minn.Stat. § 629.01 (1986).

Abernathy argues that Lukensmeyer did not have "executive authority" because she cannot perform the functions of governor. Under Ohio law, Lukensmeyer has "executive authority." In Ohio, the governor may appoint an authenticating officer

to sign for the governor any document except "enrolled bills * * *, nominations * * *, clemency actions, interstate compacts, and agreements with the federal government * * *." Ohio Rev.Code Ann. § 107.15. In *In re Hollander*, 2 Ohio App.3d 282, 441 N.E.2d 824 (1981), the court faced an extradition challenge to a rendition warrant signed by the authenticating officer on behalf of the Ohio governor. The court cited § 107.15 as allowing the authenticating officer to sign extradition documents, noting that under § 107.15 the signature of the authenticating officer "shall have the same legal effect and the validity as the genuine manual signature of the governor." The court concluded the document was valid on its face. Here, Lukensmeyer does perform the functions of governor as the authenticating officer in Ohio. We conclude the trial court did not err in denying Abernathy's habeas corpus petition.

Affirmed.