STATE EX REL. ALEXIS E. GEORGIAN v. A. C. JENSEN.[1]

January 30, 1923.

No. 23,445.

**Extradition of fugitive from justice—habeas corpus.**
Question of guilt or innocence of person accused of being fugitive from justice cannot be inquired into by writ of habeas corpus—Stay of Governor's warrant for extradition to permit hearing on writ did not vitiate the warrant—Writ discharged. [Reporter.]

Upon the relation of Alexis E. Georgian the district court for Hennepin county granted its writ of habeas corpus directed to respondent as sheriff of that county. The matter was heard by Bardwell, J., who discharged the writ. From the order discharging the writ, relator appealed. Affirmed.

*Donald G. Hughes,* for relator.
*Clifford L. Hilton,* Attorney General and *Floyd B. Olson,* County Attorney, for respondent.

PER CURIAM.
Upon the demand of the Governor of the state of Michigan, the Governor of this state issued his warrant for the rendition of Alex E. Georgian as a fugitive from justice. A writ of habeas corpus issued by the district court of Hennepin county was discharged by that court. The relator appealed to this court, and the cause was submitted on an agreed statement of facts.

It is claimed that the complaint on which the Michigan warrant was issued is defective in that it was not properly sworn to, but an inspection of the authenticated copy annexed to the requisition shows this claim to be unfounded. That a warrant issued on such a complaint is a sufficient basis for the requisition was decided in State ex rel. v. Sheriff of Hennepin County, 148 Minn. 484, 181 N. W. 640.

The question as to the guilt or innocence of the accused cannot be inquired into on this proceeding. Neither can the claim that the Michigan statute is unconstitutional.

It appears that the accused was in Michigan at the time of the commission of the alleged offense and is now in this state, that the proceedings to charge him with the offense are regular and sufficient in form, and that

[1]Reported in 191 N. W. 908.

the Governor's warrant directing the sheriff of Hennepin county to deliver him to the agent of the state of Michigan was duly issued. The stay directed by the Governor to allow a hearing on a writ of habeas corpus did not vitiate the warrant. The order discharging the writ is affirmed.