James Banning, Appellant, v. Ed Elliott, Sheriff, Appellee.

**EXTRADITION:** Review of Proceeding—Defective Title of Statute. On habeas corpus to test extradition proceedings, the courts of the surrendering state will not assume to pass on the validity of the title of the statute which the accused is charged with having violated.

*Appeal from Polk District Court.*—Lester L. Thompson, Judge.

June 22, 1923.

This is an appeal from the judgment of the court below remanding plaintiff to the sheriff of Ramsey County, North Dakota, in a habeas corpus proceeding.—*Writ dismissed.*

*Wilson & Shaw, Thomas Murrow,* and *C. C. Putnam,* for appellant.

*Ben J. Gibson,* Attorney-general, and *W. R. C. Kendrick,* Assistant Attorney-general, for appellee.

STEVENS, J.—This is a proceeding for a writ of habeas corpus. Appellant is held in custody under an executive warrant issued by the governor of this state upon a requisition from the governor of North Dakota. Petitioner was arrested in Ramsey County, North Dakota, upon a magistrate's warrant, issued upon a complaint charging him with the violation of Chapter 97 of the 1921 session laws of that state, prohibiting the transportation of intoxicating liquors and making it a felony for one to transport liquors in an automobile not owned by him and without permission of the owner, the party transporting such liquors having upon his person or in the automobile for that purpose "firearms or guns."

The contention of petitioner is that Section 13 of the act referred to is invalid because the legislature did not comply with Section 61, Article 2, of the Constitution of North Dakota, which provides that:

"No bill shall embrace more than one subject, which shall be expressed in its title, but a bill which violates this provision shall be invalidated thereby only as to so much thereof as shall not be so expressed."

It is the claim of petitioner that the title to the act in question is fatally defective, and that, therefore, the act of the legislature is unconstitutional. As petitioner was first apprehended in North Dakota, and placed under bond, which he forfeited, there can be no question as to his being a fugitive, if the statute under which the prosecution was instituted is valid. It is not claimed that the act in question violates the due-process clause of the Constitution of North Dakota or of the United States, or is in contravention of the Bill of Rights. If the statute is sustained by the Supreme Court of North Dakota, its validity could not be questioned by this court. The validity of the act depends upon the interpretation that shall be given to the title by the courts of that state. The question is peculiarly for the decision of the courts of the demanding state, and may be raised by the petitioner upon the trial.

Whatever may be the proper rule, if it were found that

the North Dakota statute clearly violated the due-process clause of the Constitution of that state or of the United States, we are clear that the courts of this state should not, in a proceeding of this nature, release a prisoner held under a warrant from the governor of this state, upon the ground that the act of the legislature under which he is being prosecuted in a sister state is invalid because of a mere defect in the title thereof. We are by no means satisfied, from a careful examination of the title of the act in question, that it is invalid, or that it may not be sustained by the North Dakota courts. *Edmunds v. Griffin*, 177 Iowa 389, cited by petitioner, is not in point. Other cases cited by petitioner, bearing upon the validity of statutes the titles to which are similarly defective, are proper for the consideration of the North Dakota courts; but we must decline to go into the question in this proceeding.

No authorities bearing upon the exact point involved have been called to our attention. The question is one of first impression in this state.

The order of the court below remanding petitioner to the agent of North Dakota is sustained, and the petition for a writ of habeas corpus dismissed.—*Dismissed*.

PRESTON, C. J., WEAVER and DE GRAFF, JJ., concur.