THE STATE EX REL. R. R. GAINES, Agent, in Matter of Requisition for R. M. GARLAND, v. HENRY J. WESTHUES, Judge, and RICHARD R. NACY, Clerk, of Circuit Court of Cole County.—2 S. W. (2d) 612.

Court en Banc, February 4, 1928.

*H. O. Harrawood* for relators.

930

*Irwin & Bushman* for respondents.

RAGLAND, J.—On May 6, 1927, a requisition was issued by the Governor of Mississippi addressed to the Governor of Missouri; that document, omitting formal parts, was as follows:

"WHEREAS, it appears by the annexed copy of an indictment, affidavits and warrant, which is hereby certified to be authentic, that R. M. Garland stands charged with the crime of embezzlement, committed in the County of Bolivar, in this State, and it has been rep-

resented to me that he has fled from the justice of this State and has taken refuge in the State of Missouri.

"Now, THEREFORE, pursuant to the provisions of the Constitution and laws of the United States in such case made and provided, I do hereby request that the said R. M. Garland be apprehended and delivered to R. R. Gaines, who is hereby authorized to receive and convey him to the State of Mississippi, there to be dealt with according to law."

(A duly authenticated copy of the indictment therein referred to was attached). The Governor of Missouri in response to such requisition issued his warrant directed to the sheriff or marshal of any county or city in this State, commanding him to arrest, anywhere within the limits of the State, one R. M. Garland, as a fugitive from justice, "and him secure and deliver to R. R. Gaines who is the agent of said State of Mississippi duly authorized to receive such fugitive." Pursuant to the command of the writ, Garland was arrested and delivered to Gaines, to be taken to Mississippi. Thereupon Garland applied for and obtained a writ of *habeas corpus* from the Circuit Court of Cole County. In obedience to the writ Gaines produced the body of Garland in court, and for his return set forth that he held the petitioner in his custody under and by virtue of the Governor's warrant of rendition issued on the 11th day of May, 1927. For answer to the return the petitioner averred that the Governor's warrant of rendition was issued without authority, for these reasons: "that the purported indictment under which the said R. M. Garland is charged shows on its face that it is defective . . . ; that the said R. M. Garland has committed no offense in the State of Mississippi as charged in the purported indictment, and is, therefore, not a fugitive from justice from the State of Mississippi; that the said R. M. Garland was not within the State of Mississippi at the time of the alleged crime as charged in the purported indictment, and is, therefore, not a fugitive from justice from the State of Mississippi; that the action and proceedings on the part of the State of Mississippi in its attempt to extradite said R. M. Garland were instituted for the purpose of enforcing the collection of a debt."

With respect to the hearing had and the judgment which followed, the record of the circuit court recites:

"And all parties answering ready for trial, the court doth thereupon proceed to hear the evidence and see the proof offered, both on behalf of the petitioners and the respondent, touching the question as to whether or not the said Rufus M. Garland was a fugitive from justice from the State of Mississippi, and the court after having heard the evidence and after having seen the proofs offered and the argument of counsel, doth find therefrom that the petitioner, Rufus M. Garland, was not a fugitive from justice from the State of

Mississippi, and that no crime was in fact committed within the State of Mississippi, and doth further find that the said proceeding instituted by the said State of Mississippi for the extradition of the said Rufus M. Garland was commenced and carried on for the purpose of collecting a debt.

"It is therefore ordered and adjudged by the court, that he be and he is hereby discharged to go hence without day . . ."

This proceeding is one to review, on *certiorari*, the action of the circuit court.

As the basis for the consideration of the questions arising on the record, we quote the following constitutional and statutory provisions:

"A person charged in any State with treason, felony or other crime, who shall flee from justice and be found in another State, shall, on demand of the executive authority of the State from which he fled, be delivered up to be removed to the State having jurisdiction of the crime." [Sec. 2, Art. 4, Constitution of United States.]

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person was charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand . . . and to cause the fugitive to be delivered to such agent when he shall appear . . . ." [Sec. 5278, United States Rev. Stat.]

"Whenever the executive of any other state shall demand of the executive of this State any person as a fugitive from justice, and shall have complied with the requisites of the Act of Congress in that case made and provided, it shall be the duty of the executive of this state to issue his warrant, under the seal of the state, directed to any sheriff, coroner, or other person whom he may think fit to entrust with the execution of such warrant. [Sec. 3934, R. S. 1919.]

"No person shall be discharged under the provisions of this article (on *habeas corpus*) . . . who is in custody for any treason, felony, or other high misdemeanor, committed in any other state or territory of the United States, and by the constitution and laws of the United States, ought to be delivered up to such state or territory." [Sec. 1908, R. S. 1919.]

As has often been said, the duty of the executive of an asylum state to deliver a fugitive from justice to the authorities of a de-

manding state does not rest upon the principle of comity, but on constitutional obligation. The clause of Section 2 of Article IV of the Constitution, just quoted, creates such duty and confers the power upon Congress to deal with that subject; Section 5278, Revised Statutes of the United States, prescribes the terms governing interstate extradition. Sections 3934 and 1908 of the Missouri statutes disclose on their face that they are intended to be in aid merely of the Federal law.

According to said Section 5278, before the governor of one state is authorized to honor the requisition made on him by the governor of another state for the delivery of an alleged fugitive from justice, these facts must be made to appear: (1) that the person named in the requisition is demanded as a fugitive from justice; (2) that the demanding executive has produced a copy of an indictment found . . . charging the person demanded with having committed a crime; (3) that such copy has been certified as authentic by the governor of the state making the demand, and (4) that the person demanded is a fugitive from justice. These facts are jurisdictional. [Commonwealth ex rel. v. Supt. Co. Prison, 220 Pa. St. 401.] If they exist they authorize interstate extradition. If any of them are wanting, the governor of the state upon whom the requisition is made has no authority to deliver up the person demanded for removal to another state. [Roberts v. Reilly, 116 U. S. 80; Ex parte Spears, 88 Calif. 640.] The question of whether or not the governor in a given case has exceeded his authority, that is, has honored the requisition of the governor of another state when the jurisdictional facts just referred to, or some of them, were nonexistent, may be determined by a judicial review of the proceedings had before him touching the requisition. Whether he has so exceeded his authority is, however, the only question that may be inquired into by a judicial tribunal. [Drew v. Thaw, 235 U. S. 432; Barranger v. Baum, 103 Ga. 465; also Sec. 1908, Mo. Stat., supra.]

The record under review discloses that the circuit court found that the governor issued his warrant of rendition when one jurisdictional fact was lacking: after hearing evidence it found that the petitioner was not a fugitive from justice. The record is silent as to any finding with respect to the sufficiency of the indictment, an authenticated copy of which was produced. It must be presumed therefore that the court found, as did the governor before it, that it substantially charged the petitioner with the commission of a crime under the laws of the State of Mississippi. That being true, the only evidence admissible on the question of whether or not the petitioner was a fugitive from justice was evidence tending to show that he was or was not actually present in the State of Mississippi at the time of the commission of the alleged crime. Whether he was guilty or innocent of the charge, whether a crime had in fact been committed

and whether the prosecution against him had been commenced merely to aid in the collection of a private debt, were all questions which lay beyond the scope of the court's inquiry. The determination of all these rested solely with the courts of the State of Mississippi. [Drew v. Thaw, supra.] Moreover, the petitioner's motive in leaving the demanding state, if he did so, had no bearing on the question of whether he was a fugitive from justice. He could have been a fugitive from justice, though at the time he left the State of Mississippi he had no belief that he had violated its criminal laws, and though he did not consciously flee from justice in order to avoid prosecution for the crime with which he is charged. [Appleyard v. Mass., 203 U. S. 222.] That the petitioner was a fugitive from justice was shown prima-facie by the rendition warrant; he had the burden therefore of proving that he was not in the State of Mississippi at the time of the commission of the alleged crime. [Marbles v. Creecy, 215 U. S. 63.] And to sustain such burden it was necessary for him to tender substantial and convincing proof. [Flournoy v. Owens, 275 S. W. 923.] Conflicting evidence merely tending to establish an alibi would not have been sufficient. [Munsey v. Clough, 196 U. S. 364.]]

Counsel for relator have printed as a part of the abstract of the record what purports to be a transcript of the evidence heard in the circuit court. But the evidence constitutes no part of the record subject to review in this proceeding, and for that reason cannot be considered. [State ex rel. v. Westhues, 286 S. W. 396.] As it was within the jurisdiction of the court to determine whether the petitioner was in fact a fugitive from justice, it must be presumed that its finding that he was not was based on the character of proof which we have indicated as necessary in such cases. The finding so made was sufficient to sustain the judgment releasing the petitioner from custody.

Nothing that we have said must be considered as intimating that the governor of the state upon which a demand is made for the surrender of an alleged fugitive from justice may not exercise his discretion in determining whether the demand is made for some ulterior or improper purpose, as, for example, the collection of a private debt. Because it is very generally held that, if he finds such to be the case, he may properly refuse to issue a warrant, even where the requisition papers are apparently sufficient and in due form. [State ex rel. v. Toole, 69 Minn. 104; Work v. Corrington, 34 Ohio St. 64.] What we do say is that, in a proceeding on *habeas corpus* wherein the person held in custody under a rendition warrant seeks release, the motives underlying the institution of the prosecution against him in the demanding state cannot be considered by the court. This for two reasons: (1) the executive discretion in that respect is not subject to court review (Gaskins v. Davis, 115 N. C. 85); and (2), the matter

of motive, in so far as it has any relevancy at all, is essentially one of defense, cognizable solely in the courts of the demanding state which have jurisdiction to hear and determine the criminal cause.

On the court's finding that the petitioner was not a fugitive from justice, and on that finding alone, we hold valid its judgment of discharge. It follows that our writ should be quashed. It is so ordered. All concur.