For the reasons stated, I respectfully dissent.

**The STATE of Missouri, at the relation of Norman H. ANDERSON, Prosecuting Attorney, Relator,**

**v.**

**Honorable Noah WEINSTEIN, Judge of the Circuit Court, Division Three, St. Louis County, Missouri, Respondent.**

No. 31323.

St. Louis Court of Appeals.

Missouri.

Aug. 6, 1962.

Norman H. Anderson, Pros. Atty., Jerald M. Alton and Ernest J. Hilgert, Asst. Pros. Attys., Clayton, for relator.

Paul Taub, Jerry A. Klein, Overland, for respondent.

DOERNER, Commissioner.

In this original proceeding relator, the Prosecuting Attorney of St. Louis County, seeks to prevent the respondent, Judge of Division No. 3 of the Circuit Court of St. Louis County, from exercising further jurisdiction in a habeas corpus proceeding pending before respondent. The petition for the writ of habeas corpus was filed in the Circuit Court by Willard Lloyd Williams, hereafter referred to as the petitioner, on June 20, 1962. Petitioner alleged therein that he was being unlawfully restrained of his liberty by Frank Malone, Sheriff of St. Louis County, and prayed the issuance by the Circuit Court of its writ of habeas corpus. Upon the petition the writ was issued, returnable forthwith. The Sheriff, appearing by relator, made an oral return that the petitioner was lawfully detained by virtue of a rendition warrant. On the same day a hearing was held before respondent and evidence introduced. At the conclusion of the hearing respondent indicated his intention to release and discharge the petitioner from custody, but deferred the entry of his order to permit the relator to institute this proceeding. Relator's petition in prohibition was filed here on June 21. Suggestions in support of and in opposition to relator's petition were submitted, our provisional rule was issued on July 18, and the matter was argued before us and submitted on July 31, 1962.

It appears from the petition for the writ of habeas corpus filed in the Circuit Court, the exhibits there introduced, the petition filed in this court, and the return thereto, that the petitioner was taken into custody and held by the Sheriff by virtue of a rendition warrant issued by the Governor of the State of Missouri for the purpose of delivering petitioner to the authorized agent of the State of California to convey the petitioner to that state. The exhibits include copies of the above rendition warrant, wherein it is recited that the Governor of the State of California had demanded the extradition of petitioner; the application for requisition of the proper California law enforcement officer to the Governor of that state requesting the issuance of the requisition demand by California; an affidavit, sworn to by Vena Haverly before the Judge of the Ceres Judicial District of Stanislaus County, California, wherein petitioner was accused of violating Section 270 of the California Penal Code in that on or about the 14th day of March, 1962, he had wilfully failed to comply with the order of court requiring him to support his minor children, and did thereafter remain out of the state for ten days prior thereto without doing so; and the warrant for the arrest of petitioner issued by the Judge of the above California court.

Section 270 of the California Penal Code, in so far as it is here material, provides:

"A father of either a legitimate or illegitimate minor child who wilfully omits without lawful excuse to furnish necessary clothing, food, shelter or medical attendance or other remedial care for his child is guilty of a misdemeanor and punishable by a fine not exceeding one thousand dollars or by imprisonment in a county jail not exceeding one year, or by both such fine and imprisonment. If the father, during such violation, remains out of the State for 30 days, or if he fails or refuses to comply with the order of a court of competent jurisdiction requiring him to make any provision for the maintenance, support, medical treatment or other remedial care of such minor child and remains out of the State for 10 days without doing so, he is guilty of a felony."

In his petition for the writ of habeas corpus, and in his testimony given in the Circuit Court, petitioner admitted that he and his former wife, since remarried and now named Vena Haverly, had been divorced in Ceres, California, in September

1954; that by the terms of the decree of divorce the custody of his minor children, Mary Louise and James Harvey, now aged 16 and 13, respectively, were awarded to Mrs. Haverly; and that by that decree he had been ordered to pay $25.00 per month for each child. Petitioner maintained that he left California and moved to Missouri the latter part of October 1954, that he has since lived in and is a resident of Missouri, that he was not in California on March 14, 1962, the date referred to in the complaint, and that, in fact, he had never returned to California since he left it in 1954. He further testified that at the time he moved to Missouri and for several months thereafter he paid the support and maintenance decreed by the California court, but admitted that since 1955 he had never contributed to the support of his minor children.

It is apparent from the foregoing exhibits that the extradition of petitioner was not demanded or granted under the Federal law on the subject, 18 U.S.C.A. § 3182. Hagel v. Hendrix, Mo.App., 302 S.W.2d 323. Instead, the warrant was issued pursuant to Section 548.061 of our Uniform Criminal Extradition Act, adopted in 1953, and more specifically as authorized by Section 454.050 of our Uniform Support of Dependents Law, enacted in 1951, which provides:

"The governor of this state may:

*    *    *    *    *    *

"(2) May surrender on demand by the governor of any other state any person found in this state who is charged in such other state with the crime of failing to provide for the support of an obligee in such other state. The provision for extradition of criminals not inconsistent herewith shall apply to any such demand although the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and although he has not fled therefrom. Neither the demand, the

oath, nor any proceedings for extradition pursuant to this section need state or show that the person whose surrender is demanded has fled from justice, or at the time of the commission of the crime was in the demanding or the other state."

The constitutionality of similar statutes has been upheld as an exercise by the state of its reserved sovereign powers and as an act of comity to a sister state. 22 Amer. Jur., Extradition, Sec. 9, p. 250. State of Florida et al. v. Bennett, Fla., 90 So.2d 43; Harrison v. State, Ala.App., 38 Ala. App. 60, 77 So.2d 384, cert. den., 262 Ala. 701, 77 So.2d 387; Ex parte Coleman, 157 Tex.Cr.R. 37, 245 S.W.2d 712.

In his petition for the writ of habeas corpus petitioner did not claim that the foregoing Missouri statutes in any way or manner violated his constitutional rights, nor did he challenge the technical sufficiency of any of the requisition or extradition papers. The only grounds upon which he asserted he was being illegally held under the extradition warrant, as set forth in his petition, was because:

"*   *   * petitioner is not and was not at the time of said complaint, March 14, 1962, nor for more than seven years theretofore subject to the jurisdiction of the State of California, has committed no crime therein nor fled therefrom; any attempt by the State of California to subject petitioner, a Missouri resident, to obligations and criminal liabilities under the laws of California at a time when petitioner was not and had not for years theretofore been a resident or in any manner within California, is illegal and void and deprives petitioner of his personal liberty without due process of law in violation of Article XIV of the Amendments to the Constitution of the United States and Section 10, Article I of the Constitution of Missouri, California having no jurisdiction over a Missouri citizen; so that these pro-

ceedings under California law are illegal and void and no extradition lies, no crime having been committed, and petitioner is being illegally restrained of his liberty as aforesaid. * * *"

We deem these allegations to be an attack on the constitutionality of Section 270 of the California Penal Code. It is apparent that the respondent likewise so regarded them, for in his return to our preliminary rule he alleged that petitioner:

"* * * could not legally and within the meaning of due process of law under the Missouri and United States Constitutions have committed any crime under the laws of California, which had no bearing on him but only on citizens or persons subject to the jurisdiction of California, which Willard Lloyd Williams was not and had not been for more than seven (7) years prior to March 14, 1962; that to subject Willard Lloyd Williams or permit the State of California to subject Willard Lloyd Williams, a citizen and resident domiciled within St. Louis County, Missouri, to obligations and criminal liabilities under the laws of California on the facts aforesaid is illegal and void and deprives Willard Lloyd Williams of his personal liberty without due process of law in violation of Article XIV of the Amendments to the Constitution of the United States and Section 10, Article I, of the Constitution of Missouri, for the reasons aforesaid; that to subject Willard Lloyd Williams to detention of his person and delivery to an Agent of the State of California for return to California would also deprive him of his personal liberty without due process of law as aforesaid; * * *"

■ Relator does not contend, of course, that the respondent is without jurisdiction to entertain a proper habeas corpus proceeding brought by a petitioner opposing extradition. In the light of Section 548.101 of the Uniform Criminal Extradition Act, which requires that an accused arrested upon a warrant of extradition be given an opportunity to apply for a writ of habeas corpus to test the legality of his arrest, such a contention would obviously be without merit. What the relator does contend, in substance, is that the respondent is exceeding his jurisdiction by entertaining the habeas corpus proceedings pending before him for the reason that the petition for the writ does not state a proper ground for relief, and, as to the ground upon which the writ was sought, cannot be amended to do so. If relator's contention is correct, prohibition is the proper remedy to restrain the respondent from exceeding his jurisdiction. State ex rel. State Highway Commission of Missouri v. Elliot, Mo., 326 S.W.2d 745; State ex rel. Taylor v. Nangle, 360 Mo. 122, 227 S.W.2d 655.

■ It will be noted that while Section 548.101 of the Uniform Criminal Extradition Law requires that the person arrested under an extradition warrant be given an opportunity to test the legality of his arrest by an application for a writ of habeas corpus, no standard by which the claimed illegality is to be measured is stated in that law. Habeas corpus has traditionally been the means by which one opposing extradition might obtain a judicial review of the extradition proceedings. 39 C.J.S. Habeas Corpus § 39, p. 548; Williams v. Robertson, 339 Mo. 34, 95 S.W.2d 79; State ex rel. Gaines v. Westhues, 318 Mo. 928, 2 S.W.2d 612. The scope of such a judicial review, however, is exceedingly restricted, and is limited to the sole question of whether the Governor exceeded his authority in honoring the requisition and issuing the warrant of extradition. Ex parte Arrington, Mo., 270 S.W.2d 39; Williams v. Robertson, supra; Rummerfield v. Watson, 335 Mo. 71, 70 S.W.2d 895; State ex rel. Gaines v. Westhues, supra. Thus it is held that in habeas corpus proceedings brought by one opposing extradition the court cannot de-

cide the guilt or innocence of the accused, inquire into the motives underlying the institution of the prosecution in the demanding state, determine whether a parolee has violated his parol, pass on a claim of mistaken identity, or grant relief on similar grounds. 25 Amer.Jur., Habeas Corpus, Sec. 67, p. 192; 39 C.J.S. Habeas Corpus, § 39; Ex parte Arrington, supra; State ex rel. Gaines v. Westhues, supra; State ex rel. Cooney v. Hoffmeister, 336 Mo. 682, 80 S.W.2d 195; Hayes v. O'Connell, Mo.App., 263 S.W.2d 66; Ex parte Ellis, 223 Mo.App. 125, 9 S.W.2d 544.

In the light of petitioner's petition, the essential question presented for our decision is whether in a habeas corpus proceeding brought in the state of asylum a petitioner opposing extradition may attack the constitutionality of the law of the demanding state under which he is charged. Our research has not revealed a prior decision in this state in which that question was determined, and diligent counsel have not cited one. However, there are numerous cases from other jurisdictions, and the universal rule, as stated in 25 Amer. Jur., Habeas Corpus, Sec. 69, p. 195, is that:

> "No question as to the constitutionality of a statute under which a charge is made in the demanding state may be raised in a habeas corpus proceeding brought to obtain a prisoner's discharge from custody under a warrant for his extradition to such state for trial."

Pearce v. Texas, 155 U.S. 311, 15 S.Ct. 116, 39 L.Ed. 164; Pierce v. Creecy, 210 U.S. 387, 28 S.Ct. 714, 52 L.Ed. 1113; Drew v. Thaw, 235 U.S. 432, 35 S.Ct. 137, 59 L.Ed. 302; People ex rel. Gilbert v. Babb, 415 Ill. 349, 114 N.E.2d 358, 40 A.L. R.2d 1142; Ullom v. Davis, 169 Miss. 208, 150 So. 519; State ex rel. Munsey v.

Clough, 71 N.H. 594, 53 A. 1086, 67 L.R.A. 946; Banning v. Elliott, 196 Iowa 28, 194 N.W. 64; State ex rel. Georgian v. Jensen, 154 Minn. 540, 191 N.W. 908. As the court pointed out in Pierce v. Creecy, supra (310 U.S. 1. c. 405, 28 S.Ct. 1. c. 720), if the court of the asylum state was required to pass on the constitutionality of the law of the demanding state:

> "* * * it would impose upon courts, in the trial of writs of *habeas corpus,* the duty of a critical examination of the laws of states with whose jurisprudence and criminal procedure they can have only a general acquaintance. Such a duty would be an intolerable burden, certain to lead to errors in decision, irritable to the just pride of the states and fruitful of miscarriages of justice."

■ This rule is in accord with our doctrine of the limited scope of judicial review of extradition proceedings, and is supported by reason and logic. We have found no authorities to the contrary, and none have been cited by counsel for respondent. It follows that in entertaining the petitioner's present petition attacking the constitutionality of the California Statute the respondent acted in excess of his jurisdiction, and our provisional rule in prohibition should be made absolute. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, the provisional rule in prohibition is made absolute.

ANDERSON, P. J., and WOLFE and RUDDY, JJ., concur.