STATE EX REL. MILES B. LaROSE v. REUBEN GRANQUIST.

140 N. W. (2d) 700.

February 25, 1966—No. 39,589.

*Martin N. Burke,* for appellant.

*Robert W. Mattson,* Attorney General, *Gerard W. Snell,* Solicitor General, *Linus J. Hammond,* Assistant Attorney General, and *John F. Thoreen,* County Attorney, for respondent.

MURPHY, JUSTICE.

This is an appeal from an order quashing a writ of habeas corpus and remanding the petitioner to the custody of the sheriff of Washington County. The petitioner is held pending extradition to Wisconsin on process issued by that state. His contention is that a delay of approximately 6 years to commence prosecution of a criminal charge pending against him in Wisconsin has deprived him of his constitutional right to a speedy trial.

From the record it appears that the defendant is charged with the offense of armed robbery committed in Wisconsin on October 4, 1954. Apparently the defendant's whereabouts were not known to Wisconsin authorities until December 14, 1957, when he was found in Minnesota and identified by a witness to the alleged offense. At that time he was in custody of Minnesota authorities and serving a sentence in the Minnesota State Prison at Stillwater for the commission of a felony. After his identification, a warrant was issued by a Wisconsin court pursuant to which a detainer, or "hold" order, was lodged with the Minnesota prison authorities.

After he had completed serving the Minnesota sentence, extradition proceedings were brought by the State of Wisconsin and demand was made on December 24, 1963, for his removal to that state.[1]

It appears that the petitioner came into the custody of respondent

---

[1] It appears from the files that the extradition procedure is valid and regular according to the criteria expressed in State ex rel. Gegenfurtner v. Granquist, 271 Minn. 207, 135 N. W. (2d) 447.

pursuant to a warrant for arrest and detention issued by the governor of Minnesota at the request of Wisconsin authorities. Thereafter, he filed a petition for a writ of habeas corpus, which came on for hearing before the district court. At that hearing the petitioner represented that although the Wisconsin authorities knew of his whereabouts since December 1957, they took no action to initiate prosecution on the charge against him until December 1963. He accordingly contended that Wisconsin's delay in instituting removal proceedings to bring him to trial amounted to a denial of his constitutional right to speedy trial. After the hearing, the district court made findings to the effect that the petitioner was a fugitive from Wisconsin and had taken refuge in Minnesota, and that the respondent sheriff had custody of him pursuant to valid process. The trial court denied the petition and remanded the petitioner to the custody of the sheriff, and stayed execution of the order for extradition until the petitioner had an opportunity to appeal.[2]

In State v. Hall, 266 Minn. 74, 123 N. W. (2d) 116, the issue now before us was raised on petition for mandamus by a prisoner confined in a Federal prison in Washington who sought immediate trial on a criminal charge against him pending in this state. We pointed out that the right of an accused to a speedy trial did not place an obligation upon this state to institute removal proceedings to bring the defendant here for prosecution. We said (266 Minn. 75, 123 N. W. [2d] 117):

"* * * The reason he has not been brought to trial here is that he has placed himself beyond the jurisdiction of the courts of this state. * * * [I]n State v. Larkin, 256 Minn. 314, 98 N. W. (2d) 70, * * * we said:

" 'The defendant, who, prior to being arrested and tried, made his trial impossible by absenting himself from this state and engaging in other crimes which resulted in his sentence to and confinement in a Federal prison, is not deprived of his constitutional right to a speedy trial if that trial is not held until after he is released from Federal custody.' "

We qualified our holding, however, by saying that in the event of pros-

---

[2] The file does not disclose the personal history of the petitioner or the circumstances of his arrest and sentence in Minnesota.

ecution in this state the defendant might properly assert as ground for dismissal such circumstances as might establish that the delay had prejudiced his right to a fair trial in this state.

It appears, however, that other courts have taken the position that the right to a speedy trial arises with the initial steps of criminal prosecution by complaint and warrant. The Wisconsin court has held under circumstances somewhat similar to those before us that the failure or refusal of their prosecutive authorities to take steps to continue a pending criminal prosecution of a defendant confined in Minnesota, where detainers were filed with the warden, violated the prisoner's rights under the due process clause of U. S. Const. Amend. XIV. State ex rel. Fredenberg v. Byrne, 20 Wis. (2d) 504, 509, 123 N. W. (2d) 305, 308. In so holding, the Wisconsin court reasoned:

"The rationale of the early cases holding a federal prisoner not brought to a speedy trial in the state court could not be heard to complain was based on the reasoning the state as a matter of right could not insist the prisoner be returned and the delay was the prisoner's own fault for having committed the crime for which he was imprisoned. However, the more-recent decisions both in state and federal courts reason that once a state commences a criminal prosecution it has a duty to follow through and complete it, and the fact the defendant is incarcerated in a federal prison is not necessarily sufficient justification to make the delay reasonable. We adopt the reasoning in People v. Bryarly (1961), 23 Ill. (2d) 313, 319, 178 N. E. (2d) 326, to-wit:

" 'The constitutional guaranty of a speedy trial contemplates that the means that are available to meet its requirements shall be utilized. Under the circumstances of this case we think that the burden of taking the steps necessary to bring about a prompt trial rested upon the People.' "

See, also, Commonwealth v. McGrath, 348 Mass. 748, 205 N. E. (2d) 710; 22A C. J. S., Criminal Law, § 472(2)(b).

The authorities upon which the petitioner relies should be distinguished. They are decisions in which courts passed upon the constitutional rights of a defendant in actions pending in their own jurisdictions.[3]

---

[3] The petitioner finds some support in Commonwealth ex rel. Mattox v. Superintendent, 152 Pa. Super. 167, 31 A. (2d) 576. In that case the court

The posture of the proceeding before us is similar to that discussed in State ex rel. Lea v. Brown, 166 Tenn. 669, 64 S. W. (2d) 841, 91 A. L. R. 1246, where the court considered a case in which the petitioners had fled from the demanding state to the asylum state following release on bail pending appeal from conviction for criminal conspiracy. On habeas corpus adjunct to extradition, the Tennessee court said (166 Tenn. 681, 64 S. W. [2d] 845, 91 A. L. R. 1252):

"If, possessing jurisdiction, we should reach the conclusion that proceedings subsequent to the indictment in North Carolina were void, as in conflict with the due process of law clause of the Constitution of the United States, it would still be our duty to sustain the extradition, since such a ruling would leave the indictments undisposed of, and the relators would stand as charged with crime in that state."

It seems to us that since this prosecution is properly pending in the Wisconsin jurisdiction, the issue raised should be passed upon by the courts of that state. If, as the petitioner contends, he is entitled to relief under Wisconsin law, as indicated by State ex rel. Fredenberg v. Byrne, *supra,* he might confidently expect that his case will be properly disposed of in that jurisdiction. Since the extradition proceedings here are regular and valid, the merits of the petitioner's objections should properly be left to the courts of the state which originated the proceedings. State ex rel. Georgian v. Jensen, 154 Minn. 540, 191 N. W. 908; State ex rel. Kollman v. Johnson, 184 Minn. 309, 238 N. W. 490, 77 A. L. R. 899; 8A Dunnell, Dig. (3 ed.) § 3713.

Affirmed.

---

in the asylum state was persuaded that community feelings were so strongly against the defendant in the demanding state that he might be lynched and probably would be denied a fair trial if sent there upon an extradition warrant. It is not suggested that a comparable exigency exists here.